## AUSTIN v. EASTON.

Contract: GOLD PREMIUM: TREASURY NOTES: CONSIDERATION. Where a sum of money in gold coin is deposited in bank, the depositor receiving a certificate stating the fact of deposit and a promise to pay the same in like funds on the return of the certificate, and the bank afterward refuses to pay the amount of the certificate in gold, but agrees, in lieu thereof, to pay what the gold was reasonably worth in United States currency, such agreement is valid, as having a sufficient consideration to support it in the receipt of the gold; and the bank, in accordance therewith, will be held not only for the amount of the deposit, but, in addition thereto, for the amount of the premium there was on the gold at the time of the agreement.

*Appeal from Winnesheik District Court.*

WEDNESDAY, JUNE 24.

SUIT on certificate of deposit. Demurrer to petition. Demurrer overruled. Defendant stands upon his pleading. Judgment for plaintiff. Defendant appeals. The facts are stated in the opinion.

*John T. Clark* for the appellant.

*L. Bullis* and *Reuben Noble* for the appellee.

COLE, J. — The plaintiff sues upon an instrument of which the following is a copy, to wit: "$200.  DECORAH,

CONTRACT:      Iowa, Feb. 3, 1864.  Nathan Austin has de-
gold premium: posited in the Decorah Bank two hundred
treasury
notes.         dollars in gold, payable to the order of him-
self after June 1, 1864, upon twenty days' notice, in like funds, on the return of this certificate.

WM. L. EASTON & SON."

He avers the due execution of the same, " that it has become the property of the plaintiff, and he has presented the same to defendant (who was one of the firm) for payment; that said defendant refused to pay the same, but did buy the gold described in said certificate of plaintiff, and did agree to and with plaintiff to pay for said $200 in gold what the same was reasonably worth in greenbacks or United States currency; and did pay plaintiff thereon the sum of $200 in United States currency; and did agree to pay the balance of the same at what the same was reasonably worth; and defendant did indorse on said certificate to this plaintiff as follows, to wit: '$200, two hundred dollars in United States currency paid hereon January 12, 1865, premium on gold to be settled hereafter;' and gold was then at a premium of 126 per cent above currency, and was selling in the market, and its fair market value then was two dollars and twenty-six cents in currency for every one dollar in gold; and the said premium defendant promised to pay plaintiff, wherefore, etc."

The defendant demurred to the petition because,— First, the plaintiff claims to recover for the sale of gold, and the petition shows there was no sale to defendant. Second, the petition shows the transaction amounts to a loan, and the amount thereof has been paid by defendant. Third, the petition shows no sale of gold, nor any promise by defendant to pay premium for ounces of gold or

bullion, but simply two hundred dollars, which could be paid in legal notes and has been so paid. Fourth, the statement by defendant of " premium on gold to be settled hereafter," was no promise to pay, and if it was, there was no consideration to support it. Fifth, the petition does not state facts sufficient to constitute a cause of action.

This demurrer was overruled, and judgment entered for plaintiff for the premium as averred and interest.

There was no error in the action of the District Court. The petition distinctly avers, that the defendant refused to pay the gold according to the terms of his agreement, but did agree to and did buy the gold and agree to pay the specified premium therefor. The gold received in 1864 (and the interest thereon up to the date of the promise), was certainly a sufficient consideration to support the promise. No statute other than the legal tender act is relied upon to defeat the action, but the case is made to rest upon that act and the common law principles.

Affirmed.

A petition for rehearing has been filed since the foregoing opinion was announced, in which the appellant's counsel reargues with marked ability and force the questions made by the demurrer. It is claimed, that, although it is averred in the petition that the defendant did buy the gold and agree to pay the premium thereon, yet that the entire petition when construed " together shows conclusively that the plaintiff had no gold to sell, and consequently the defendant did not and could not have purchased it." But the petition for rehearing concedes that, " if the defendant had paid the certificate in gold when presented, then the plaintiff would have gold to sell, and the averment had some foundation." Now, the

formality of paying the gold by defendant to plaintiff and the redelivery of it upon the sale thereof by plaintiff to defendant was not necessary to make the sale a valid one. If the defendant recognized his obligation to pay the gold (although he then refused to pay it), and in view of that obligation agreed to and did buy it, such contract would be as valid as if the gold had been counted out and handed back. (No question is made in this case as to the validity of a contract for the sale of gold, but only as to the *fact* of such sale.)

It was not intended by the foregoing opinion to decide *when* the certificate of deposit would commence to draw interest; but that the gold itself which was received in 1864, and interest thereon, if there was any (and whether there was or not was wholly immaterial), was a sufficient consideration to support the promise to buy and pay for the gold. To illustrate the idea, suppose that a farmer having no place to store his wheat, delivers it to a miller, with the agreement that he shall have the like quantity at any time upon twenty days' notice. He gives notice and demands his wheat, but the miller refuses to deliver it to him; and thereupon the farmer agrees to sell his wheat to the miller, at a price fixed. But the miller, failing to pay, is sued by the farmer for the price agreed. Now, would it be a good defense for the miller to say that the farmer "had no wheat to sell and consequently the miller did not and could not have purchased it? And that there was no consideration for the promise by the miller to pay for it?" Probably not. And if it should be said that the wheat received by the miller and the interest thereon up to the date of the promise was a sufficient consideration to support the promise, it would hardly be a sufficient refutation of the position, to show that *in law* wheat did not draw interest.

It is further claimed that the written statement on the

back of the certificate "premium on gold to be settled hereafter" does not import an agreement to pay any premium, but only that the question about the premium was to be settled between them. However this may be, it is not necessary to determine, since there is a distinct averment in the petition that the defendant did agree to pay the premium; the demurrer admits this averment.

The petition for rehearing is

Overruled.